1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOEL LEE WILLIAMS, Jr.,                     No.  2:21-cv-2191 DB P

12                   Plaintiff,

13                                                ORDER
      ABAD, et al.
14
                       Defendants.
15

16
            Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C.
17
      §1983.  Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's
18
      complaint for screening.  For the reasons set forth below, this court grants plaintiff's motion to
19
      proceed in forma pauperis and finds plaintiff fails to state any cognizable claims for relief.
20
      Plaintiff will be given an opportunity to file an amended complaint.
21
                                      **IN FORMA PAUPERIS**
22
            Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).
23
      Accordingly, the request to proceed in forma pauperis will be granted.
24
            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§
25
      1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in
26
      accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct
27
      the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
28

                                               1

1    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

2    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

4    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

5    1915(b)(2).

6                                          **SCREENING**

7    **I.      Legal Standards**

8           The court is required to screen complaints brought by prisoners seeking relief against a

9    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

10   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

11   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

12   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

13   U.S.C. § 1915A(b)(1) & (2).

14          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke

15   v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

16   1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

17   meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

18   327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

19   arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal

20   Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the

21   pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and

22   the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

23   (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24          However, in order to survive dismissal for failure to state a claim a complaint must contain

25   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

26   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

27   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

28   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

                                                    2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made."

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.     Analysis**

**A. Allegations of the Complaint**

Plaintiff is an inmate at Kern Valley State Prison.  He complains of conduct that occurred in

2019 when he was incarcerated at High Desert State Prison.  Plaintiff identifies two defendants:

Correctional Officer Abad and Lieutenant Hurlbert.

Plaintiff alleges that on November 11, 2019, defendant Abad was conducting security checks

with "beeps" in the Administrative Segregation Unit where plaintiff was housed.  Plaintiff was

brushing his teeth when Abad beeped his cell door and then banged on it. She asked plaintiff

"what the fuck are you doing." Plaintiff responded that he was brushing his teeth.  Abad then

stated, "your dick probably ant that big anyway you piece of shit."  The next day, plaintiff told his

mental health clinician and Correctional Officer Courtney about what had happened.

Plaintiff states that he experienced shock, humiliation, and anguish at that time and when

Abad beeped his door on the following days. On November 13, 2019, she also banged the door

when she went by but did not say anything to plaintiff again.

////

3

Plaintiff filed a grievance.  Defendant Hurlbert reviewed the grievance but denied it because he was unable to substantiate plaintiff's allegations.

Plaintiff contends defendant Abad sexually harassed him and that defendant Hurlbert should have interviewed the mental health clinician and Officer Courtney to confirm his claim.

Plaintiff seeks damages for personal humiliation, suffering, and deprivation of privileges.

**B. Does Plaintiff State Claims Cognizable under § 1983?**

    **1. Sexual Harassment**

While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the latter to be [a potential] violation of the constitution." Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citing Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000)); see also Kutterer v. Solano Cty. Jail, No. 2:21-cv-0772 DB P, 2021 WL 3772003, at *3 (E.D. Cal. Aug. 25, 2021) (citing Minifield, 298 F. Supp. 2d at 904); Moore v. Calderon, No. 1:20-cv-0397-DAD-BAM (PC), 2021 WL 1541296, at *2 (E.D. Cal. Apr. 20, 2021) (To state a claim, the plaintiff must "'allege that there was no legitimate penological objective and that the statement made was so extreme even for a prison setting and was calculated to cause psychological harm." (citation omitted)).

In many cases, the Ninth Circuit concluded that verbal harassment alone does not amount to an Eighth Amendment violation.  See Blacher v. Johnson, 517 F. App'x. 564 (9th Cir. 2013) ("district court properly dismissed [plaintiff's] claim of sexual harassment because the Eighth Amendment's protections do not extend to mere verbal sexual harassment" (citation omitted)); Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable under § 1983); see also Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right").

Courts in this circuit have occasionally recognized that verbal harassment may constitute a claim. However to rise to the level of an Eighth Amendment violation, that harassment must have been "unusually gross even for a prison setting and [have been] calculated to and did cause [plaintiff] psychological damage." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); see also Cox v. Kernan, No. 2:19-cv-1637 DB P, 2019 WL 6840136, *5 (E.D. Cal. Dec. 16, 2019) (citing Keenan, 83 F.3d at 1092). Further, plaintiff must allege that the harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment. See Jordan v. Gardner, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc) (prison policy requiring male guards to conduct body searches on female prisoners); Watson v. Jones, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus).

Plaintiff's allegations fail to state a claim under the Eighth Amendment. Plaintiff contends that Abad used a crude sexual reference just one time. Absent any allegations of a physical assault, Abad's conduct was not sufficiently pervasive or egregious to amount to a violation of the Eighth Amendment. Plaintiff's Eighth Amendment claim will be dismissed.

### 2. Appeal Review Procedure

Plaintiff's second claim is that defendant Hurlbert violated his due process rights when he failed to conduct a thorough investigation into plaintiff's claims. Plaintiff contends that if Hurlbert had done so by questioning plaintiff's mental health counselor and Officer Courtney, they could have supported his contentions.

Prisoners are not entitled to a specific grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982); accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it

does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; see also Jones v. Corizon Health, No. 1:16-cv-1055-SKO (PC), 2017 WL 2225075, at *6 (E.D. Cal. May 22, 2017); Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986);

Actions taken in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability in a § 1983 action. Buckley, 997 F.2d at 495. Therefore, plaintiff's due process claim is also not cognizable under § 1983 and will be dismissed.

## CONCLUSION

Above, this court finds plaintiff fails to state any claims for relief under 42 U.S.C. § 1983. While this court finds it unlikely plaintiff will be able to state a § 1983 claim based on the conduct alleged in his complaint, plaintiff will be provided an opportunity to file an amended complaint.

In an amended complaint, plaintiff must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of the claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of

1  official participation in civil rights violations are not sufficient." <u>Ivey v. Bd. of Regents</u>, 673 F.2d

2  266, 268 (9th Cir. 1982) (citations omitted).

3      In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R.

4  Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R.

5  Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

6  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

7      The federal rules contemplate brevity.  <u>See</u> <u>Galbraith v. Cnty of Santa Clara</u>, 307 F.3d 1119,

8  1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened

9  pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule

10  9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in

11  short and plain terms, simply, concisely and directly.  <u>See</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534

12  U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was

13  adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

14      An amended complaint must be complete in itself without reference to any prior pleading.

15  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

16      By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

17  evidentiary support for his allegations, and for violation of this rule the court may impose

18  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

19      For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

20  follows:

21      1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

22      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is

23          assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

24          1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to

25          the Director of the California Department of Corrections and Rehabilitation filed

26          concurrently herewith.

27      3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

28  ////

4.  Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: January 18, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/will2191.scrn LTA