UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL LEE WILLIAMS, Jr., <br><br> Plaintiff, <br><br> v. <br><br> ABAD, et al. <br><br> Defendants. | No. 2:21-cv-2191 DB P <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Before the court is plaintiff's first amended complaint ("FAC") for screening. For the reasons set forth below, this court finds plaintiff has not, and cannot, state claims for relief cognizable under § 1983. Therefore, this court will recommend this action be dismissed for plaintiff's failure to state a claim on which relief can be granted.

**BACKGROUND**

Plaintiff filed his original complaint on November 22, 2021. He alleged he was subjected to sexual harassment by Correctional Officer Abad and that Correctional Lieutenant Hurlbert improperly denied his administrative grievance regarding Abad's conduct. On screening, this court found plaintiff failed to state any claims for relief under § 1983. Plaintiff was given the opportunity to file an amended complaint. He filed the FAC on March 14, 2022.

////

1

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I. Discussion**

**A. Allegations of the Complaint**

Plaintiff is an inmate at Kern Valley State Prison. He complains of conduct that occurred in 2019 when he was incarcerated at High Desert State Prison. Plaintiff identifies two defendants: Correctional Officer Abad and Lieutenant Hurlbert.

Plaintiff alleges that on November 11, 2019, defendant Abad was conducting security checks with "beeps" in the Administrative Segregation Unit where plaintiff was housed. Abad looked into plaintiff's cell during the check with "goggling" eyes, her mouth open, and her tongue out. During the next security check, Abad banged on plaintiff's door and asked plaintiff "what the fuck are you doing." Plaintiff responded that he was brushing his teeth. Abad then stated, "your dick probably ant that big anyway you piece of shit." Abad then blocked plaintiff's cell window with paper so he couldn't see out. The next two times Abad came by plaintiff's cell, she beeped his door and then banged on it.

The next day, plaintiff told his mental health clinician and Correctional Officer Courtney about what had happened. Courtney told plaintiff he would speak to his lieutenant about it.

Plaintiff states that he experienced fear, shock, and humiliation as a result of Abad's conduct. He also states that her conduct worsened his mental health conditions.

Plaintiff filed a grievance. Defendant Hurlbert reviewed the grievance but denied it because he was unable to substantiate plaintiff's allegations.

**B.  Does Plaintiff State Claims Cognizable under § 1983?**

Plaintiff's claims are essentially identical to the claims he made in his original complaint. With respect to his first claim, while plaintiff has described some additional conduct by Abad, none of that conduct amounts to an actionable claim of sexual harassment in violation of the Eighth Amendment. As plaintiff was informed previously, verbal harassment might rise to the level of a constitutional violation, but only if it is both:  (1) "unusually gross even for a prison setting and [has been] calculated to and did cause [plaintiff] psychological damage," and (2) egregious, pervasive and/or widespread. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); Jordan v. Gardner, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc). Most courts have held that vulgar language and other harassment that is not physical simply does not amount to an Eighth Amendment violation. See Blacher v. Johnson, 517 F. App'x. 564 (9th Cir. 2013); Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable under § 1983).

Courts have held the following conduct, which was as offensive, if not more offensive, than the conduct experienced by plaintiff, did not amount to a constitutional violation:  (1) officer entered a prisoner's cell when the prisoner was on the toilet, searched the cell, refused requests to leave, brushed his thigh against the prisoner's thigh, smiled sexually at the prisoner, and left the cell laughing, Watison v. Carter, 668 F.3d 1108, 112 (9th Cir. 2012); (2) female officers gawked and pointed at a male inmate while he was showering, Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997); and (3) officers taunted the prisoner while intentionally viewing him in his cell in a state of undress, Medina v. Brown, No. 1:19-cv-345 DAD JLT, 2019 WL 1979923, at *3 (E.D. Cal. May 3, 2019), rep. and reco. adopted, 2021 WL 5179899 (E.D. Cal. Nov. 8, 2021).

While the court is sympathetic to plaintiff's feelings resulting from the alleged harassment, plaintiff's allegations against Abad do not rise to the level of an Eighth Amendment violation.

////

1    Plaintiff's complaint about Hurlbert's conduct is also the same as alleged previously. As
2 plaintiff was informed in the prior screening order, a prison's grievance procedures are not
3 subject to constitutional protections under § 1983. Ramirez v. Galaza, 334 F.3d 850, 860 (9th
4 Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific
5 grievance procedure) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Plaintiff's
6 complaint that Hurlbert failed to interview others to substantiate plaintiff's claim does not amount
7 to a constitutional violation.

## CONCLUSION

9    In the prior screening order, this court stated that it was unlikely plaintiff would be able to
10 state § 1983 claims based on the conduct alleged. Nothing about plaintiff's FAC changes this
11 court's opinion. The court "shall dismiss the case . . . if the court determines that . . . [the
12 plaintiff] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
13 Because the record shows that further amendment would be futile, this court recommends that
14 this action be dismissed. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

15    For the foregoing reasons, the Clerk of the Court is HEREBY ORDERED to randomly
16 assign a district judge to this case.

17    Further, IT IS RECOMMENDED that this action be dismissed for plaintiff's failure to state a
18 claim on which relief can be granted.

19    These findings and recommendations will be submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after
21 being served with these findings and recommendations, plaintiff may file written objections with
22 the court. The document should be captioned "Objections to Magistrate Judge's Findings and
23 Recommendations." Plaintiff is advised that failure to file objections within the specified time
24 ////
25 ////
26 ////
27 ////
28 ////

may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 23, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/will2191.FAC scrn fr